CHARLES J. SCHUCK, Judge.
This claim arose by reason of an accident to the claimant while engaged as a janitor or laborer at Marshall College on September 13, 1945, and while claimant was replacing light bulbs in what is known as Laidley Hall of the said college. He was using a small two or three tread or step ladder to do the work and render the service of replacing the light bulbs, and, as he was about to descend, claims the ladder slipped causing him to fall to the hard floor and sustain severe bodily injuries. There were no rubber tips on the ladder to hold or keep it from slipping but the testimony is not conclusive as to whether this condition of the ladder caused the accident or brought about claimant’s fall. It was not, however, what is known as a safety ladder, and had no protective appliances or attachments. Claimant is seventy-two years of age and seemingly rather frail and not very robust. The college had at the time not availed itself of the provisions of the workmen’s compensation act, but has, since the accident, complied with the requirements of the said act, and any employee involved *186 in a similar accident happening now would undoubtedly be entitled to some compensation. Claimant has been paid approximately $400.00 by the board of control, his wages from the time of the accident to January 1, 1946.
Carefully reviewing the facts as presented to us and believing that the claimant’s testimony preponderates in-his favor, we are of the opinion that the state or agency involved is morally bound to pay some compensation to him, somewhat commensurate with the allowance that would have been made if the college at the time of the accident had already availed itself of the provisions of the workmen’s compensation act. Taking into consideration that claimant has already been paid the sum of approximately $400.00 we feel he is en'itled to an additional payment of five hundred and fifty dollars ($550.00) and recommend an award accordingly in that sum.